**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRL USA HOLDINGS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>PRESTIGE AMERICA LLC, a New Jersey Limited Liability Company; NIGHAT A. SYED, an individual; HASHIM R. SYED, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

**Plaintiff PRL USA Holdings, Inc.** for its claims against **Defendants Prestige America LLC** ("Prestige"), **Nighat A. Syed** ("Nighat"), and **Hashim R. Syed** ("Hashim"), and **Does 1-10** (collectively "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff files this action against Defendants for breach of contract, trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act") and for related claims under the statutory and common law of the State of New York. This court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2.      This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3.     This Court has personal jurisdiction over Defendants because Defendants conduct continuous and systematic business in this district, placed infringing products in the stream of commerce directed to residents of this district, derived commercial benefits from the sale of infringing products, and caused injuries to Plaintiff within the Southern District of New York, where Defendants' knew Plaintiff was located. Furthermore, the court has personal jurisdiction over Defendants pursuant to the forum selection clause contained in a September 20, 2018 Settlement Agreement between Plaintiff and Defendants.

4.     Venue is proper under 28 U.S.C. §§ 1391 (b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district, and 28 U.S.C. § 1400(b) because Defendants committed acts of infringement in this judicial district.

## THE PARTIES

5.     Plaintiff PRL USA Holdings, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 650 Madison Avenue, New York, New York 10022. Plaintiff designs, markets and distributes clothing identified by its famous Ralph Lauren Trademarks.

6.     Upon information and belief, Defendant Prestige America LLC is a Limited Liability Company with an office and principal place of business located at, 6 Harcourt Ter, Denville, NJ 07834.

7.     Upon information and belief, Defendant Nighat A. Syed is the owner, officer, director, and or managing agent of Prestige America LLC, and is a resident of the state of New Jersey.

8.     Upon information and belief, Defendant Hashim R. Syed is the owner, officer, director, and or managing agent of Prestige America LLC, and is a resident of the state of New Jersey.

9.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that Defendants Prestige, Nighat, and Hashim, and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants Prestige, Nighat, and Hashim, and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiff further alleges that Defendants Prestige, Nighat, and Hashim, and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendants Prestige, Nighat, and Hashim, and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     Plaintiff's Ralph Lauren Brand

11.     Ralph Lauren was founded in 1967 by the iconic designer Mr. Ralph Lauren, and has become a leader in the design, marketing, and distribution of premium lifestyle products. For more than 50 years, Ralph Lauren's reputation and distinctive image have been consistently developed across an expanding number of products, brands and international markets. Brands of Ralph Lauren include Ralph Lauren, Ralph Lauren Collection, Ralph Lauren Purple Label, Polo Ralph Lauren, Polo Sport, Double RL, Lauren Ralph Lauren, Polo Ralph Lauren Children, Chaps

and Club Monaco, among others. For more than half a century, Ralph Lauren has sold high-quality apparel, accessories and other products, all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including RALPH LAUREN and POLO (collectively, the "Ralph Lauren Products"). Ralph Lauren Products have become enormously popular, driven by Ralph Lauren's arduous quality standards and innovative design. Among the purchasing public, genuine Ralph Lauren Products are instantly recognizable as such. In the United States and around the world, the Ralph Lauren brand has come to symbolize high quality and prestige.

12.    Genuine Ralph Lauren Products are distributed through a worldwide network of authorized licensees, distributors and retailers, including Ralph Lauren retail stores throughout the United States and in New York, and through the official ralphlauren.com website (previously located at polo.com), which was launched in November 2000.

13.    Ralph Lauren has continuously sold Ralph Lauren Products under the Ralph Lauren Trademarks in the United States for many years. Ralph Lauren incorporates a variety of distinctive marks in the design of its various Ralph Lauren Products. As a result of its long- standing use, Ralph Lauren owns common law trademark rights in its trademarks. Ralph Lauren has also registered its trademarks with the United States Patent and Trademark Office. Ralph Lauren Products typically include at least one of the federally registered Ralph Lauren Trademarks. Often Ralph Lauren Trademarks are displayed in more than one location on a single product (e.g., interior label, lining, or external name plate). Ralph Lauren uses its trademarks in connection with the marketing of its Ralph Lauren Products, including the following marks, which are collectively referred to as the "Ralph Lauren Trademarks."

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 2,845,194 | LAUREN RALPH LAUREN | For: Bed sheets, comforters, blankets, dust ruffles, duvet covers, pillow cases, pillow shams, bed shams, bed spreads, shower curtains, towels, fabric bath mats, napkins, fabric placemats and fabric tablecloths in class 024 |
| 1,447,282 | RALPH LAUREN | For: frames for prescription and non- prescription lenses and complete sunglasses in class 009. |
| 1,469,151 | RALPH LAUREN | For: men's, women's, and children's dress and athletic shoes in class 025. |
| 1,624,989 | RALPH LAUREN | For: clothing - namely, suits, slacks, trousers, shorts, wind resistant jackets, jackets, blazers, dress shirts, knit shirts, sweatshirts, sweaters, hats, belts, socks, blouses, skirts, coats and |

| | | |
|---|---|---|
| | | dresses in class 025. |
| 1,835,393 | RALPH LAUREN | For: jewelry in class 014. |
| 1,976,324 | RALPH LAUREN | For: clutches, shoulder bags, cosmetic bags, tote bags, saddle bags, backpacks, gym bags, duffle bags, travel bags, circular |
| | | cosmetic and personal grooming bags, clothing and personal item bags with drawstrings for over the shoulder use, grooming kits in the nature of small travelling bags for carrying personal hygiene items, travelling bags designed for holding suits, tie cases, satchels, purses and other personal item bags with rigid top supports, garment bags for travel, travelling bags for carrying personal items and clothing, coin bags, drawstring pouches, overnight bags, wallets and key holders, all sold empty in class 018. |

| | | |
|---|---|---|
| 1,972,538 | RALPH LAUREN | For: jewelry in class 014. |
| 2,207,011 | RALPH LAUREN | For: intimate wear, namely, hosiery in class 025. |
| 3,521,190 | RALPH LAUREN | For: on-line retail store services featuring men's, women's and children's clothing, footwear, headgear, eyewear, handbags, backpacks, travel bags, wallets, athletic bags, jewelry, watches, sporting goods and accessories, fragrance, body lotions, home furnishing in the nature of bedsheets, duvet covers, comforters, blankets, pillows, towels, table cloths, dinnerware, picture frames in class 035. |
| 3,764,868 | RALPH LAUREN | For: horological and chronometric instruments, namely, mechanical and automatic watches, wrist watches, diving watches, stop watches, pocket watches, watch fobs, jewelry watches; horological and chronometric fittings, namely, parts, faces, movements, casings, crowns, bands, straps, pouches, boxes, clasps, winders, winding buttons, |

7

| | | |
|---|---|---|
| | | dials, chains, cases, straps made of metal, leather and plastic in class 014. |
| 5,400,546 | RALPH LAUREN | For: cuff-links in class 014. For: silver money clips in class 016. |
| 1,449,785 | RALPH LAUREN | For: towels, sheets, pillow cases, pillow shams, bed skirts, comforters, blankets, comforter and blanket covers, shower curtains, tablecloths, napkins, textile placemats and fabrics for housewares class 024 |
| 1,363,459 | POLO | For: clothing-namely, suits, slacks, trousers, shorts, wind resistant jackets, jackets, blazers, dress shirts, sweatshirts, sweaters, hats, belts, socks, blouses, skirts, coats, and dresses in class 025. |
| 1,446,173 | POLO | For: frames for prescription and non-prescription lenses and complete sunglasses in class 009. |
| 1,468,420 | POLO | For: men's, women's, children's and |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

| | | |
|---|---|---|
| | | athletic shoes in class 025. |
| 3,684,457 | POLO | For: metal belt buckles not of precious metal in class 026. |
| 5,512,126 | POLO | For: clutches, shoulder bags, cosmetic bags sold empty, tote bags, saddle bags, backpacks, gym bags, duffle bags, travel bags, roll bags, sling bags, grooming kits sold empty, suit bags, tie cases, satchels, garment bags for travel, coin purses, drawstring pouches, overnight bags, wallets and key cases in class 018. |
| 1,951,601 | POLO SPORT | For: wearing apparel, namely pants, shorts, jackets, t-shirts, sport shirts, knit shirts, sweatshirts, hats, socks and footwear in class 025. |
| 5,507,568 | POLO RALPH LAUREN | For: clutches, shoulder bags, cosmetic bags sold empty, tote bags, saddle bags, backpacks, gym bags, duffle bags, travel bags, roll bags, sling bags, grooming kits sold empty, suit bags, tie cases, satchels, garment bags for travel, coin purses, drawstring pouches, overnight bags, wallets and key cases in class 018. |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

| | | |
|---|---|---|
| 1,485,359 |  | For: mens', womens', childrens' and athletic shoes in class 025. |
| 2,052,315 |  | For: clutches, shoulder bags, cosmetic bags sold empty, tote bags, saddle bags, backpacks, gym bags, duffle bags, travel bags, roll bags, sling bags, grooming kits sold empty, suit bags, tie cases, satchels, pole bags, garment bags for travel, coin purses, drawstring pouches, overnight bags, wallets and key cases in class 018. |
| 2,823,094 |  | For: wearing apparel, namely, sweaters and t-shirts in class 025.<br><br>For: tote bags in class 018. |
| 3,199,839 |  | For: wearing apparel, namely, jackets, sweatshirts, sweat pants, hats, scarves, jerseys, jeans, turtlenecks and bikinis in class 025. |

| | | |
|---|---|---|
| 3,812,741 |  | For: a full line of clothing in class 025. |
| 4,254,740 |  | For: eyewear in class 009. |
| 4,558,683 |  | For: retail and on-line retail store services featuring men's, women's, and children's clothing, footwear, headwear, eyewear, leather goods, handbags, duffel bags, tote bags, luggage, briefcases, sporting goods and accessories, fragrances and personal care products, jewelry, watches, and home furnishings in class 035. |
| 3,179,994 | RL67 | For: wearing apparel, namely, pants, jeans, shorts, skirts, dresses, suits, shirts, t-shirts, sweatshirts, blazers, ties, sweaters, stockings, socks, jackets, coats, gloves, hats, belts, scarves, undergarments, sleepwear, loungewear, swimwear and |

| | | footwear |
|---|---|---|
| | | |

14.    The above U.S. registrations for the Ralph Lauren Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The registrations for the Ralph Lauren Trademarks constitute prima facie evidence of their validity and of Ralph Lauren's exclusive right to use the Ralph Lauren Trademarks pursuant to 15 U.S.C. § 1057(b). The Ralph Lauren Trademarks have been used exclusively and continuously by Ralph Lauren, some since at least as early as 1967, and have never been abandoned.

15.    The Ralph Lauren Trademarks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks. As a result, the Ralph Lauren Trademarks are both famous marks and valuable assets. As such, Ralph Lauren has built substantial goodwill in the Ralph Lauren Trademarks, which is of incalculable and inestimable value to Ralph Lauren.

16.    The Ralph Lauren Trademarks have been widely promoted, both in the United States and throughout the world, and are among the world's most famous and widely- recognized trademarks. In fact, Ralph Lauren has expended hundreds of millions of dollars in advertising, promoting and marketing featuring the Ralph Lauren Trademarks. Ralph Lauren Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items. Ralph Lauren augments this unsolicited media coverage with extensive paid advertising featuring internationally-known celebrities, such as Lily Aldridge, Olivia Palmero, Iman,

Rachel Zoe, and Daniel Levy  in upscale, luxury publications and on social media platforms worldwide. Ralph Lauren is also the official sponsor of Wimbledon and an official sponsor of the U.S. Open, and is the exclusive Official Parade Outfitter for the U.S. Olympic and Paralympic Teams. Because of these and other factors, the Ralph Lauren name and the Ralph Lauren Trademarks have become famous throughout the United States.

17.    The Ralph Lauren Trademarks are distinctive when applied to the Ralph Lauren Products, signifying to the purchaser that the products come from Ralph Lauren and are manufactured to Ralph Lauren's quality standards. Ralph Lauren maintains quality control standards for all Ralph Lauren Products. All genuine Ralph Lauren Products are inspected and approved by or on behalf of Ralph Lauren prior to distribution and sale.

18.    Ralph Lauren operates a website at ralphlauren.com where it promotes and sells genuine Ralph Lauren Products. The ralphlauren.com website features proprietary content, images and designs exclusive to Ralph Lauren.

19.    Ralph Lauren has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the Ralph Lauren Trademarks. As a result, products bearing the Ralph Lauren Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Ralph Lauren. Ralph Lauren is a multi-billion dollar operation, and Ralph Lauren Products are among the most popular of their kind in the world.

### B.    Defendants' Infringing Activities

20.    The present lawsuit arises from Defendants' design, manufacture, distribution, advertisement, marketing, offering for sale, and sale of clothing which

infringe upon Plaintiff's rights to the Ralph Lauren Trademarks ("Accused Products"), and exemplar of which is shown in the chart below:



21.    Ralph Lauren is informed and believes and herein alleges that Defendants are competitors and have introduced Accused Products into the stream of commerce in an effort to exploit Ralph Lauren's reputation in the market established in the Ralph Lauren Trademarks and Ralph Lauren Products.

22.    Ralph Lauren has not granted a license or any other form of permission to Defendants with respect to any of its trademarks, or other intellectual property.

23.    Ralph Lauren is informed and believes and herein alleges that Defendants have acted in bad faith and that Defendants' acts have misled and

confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Accused Products with Ralph Lauren Products, or as to the origin, sponsorship, or approval of the Accused Products by Ralph Lauren.

24.     Ralph Lauren is informed and believes and herein alleges that Defendants have acted in bad faith and that Defendants' acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Accused Products with Ralph Lauren, or as to the origin, sponsorship, or approval of the Accused Products by Ralph Lauren.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting - 15 U.S.C. § 1114)

25.     Ralph Lauren hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 24.

26.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Ralph Lauren Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Ralph Lauren Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Ralph Lauren Products offered, sold or marketed under the Ralph Lauren Trademarks.

27.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Ralph Lauren Trademarks without Ralph Lauren's permission.

28.     Ralph Lauren is the exclusive owner of the Ralph Lauren Trademarks. Ralph Lauren's United States Registrations for the Ralph Lauren Trademarks are

in full force and effect. Upon information and belief, Defendants have knowledge of Ralph Lauren's rights in the Ralph Lauren Trademarks, and are willfully infringing and intentionally using counterfeits of the Ralph Lauren Trademarks. Defendants' willful, intentional and unauthorized use of the Ralph Lauren Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Ralph Lauren Products among the general public.

29.    Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.    Ralph Lauren has no adequate remedy at law, and if Defendants' actions are not enjoined, Ralph Lauren will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Ralph Lauren Trademarks.

31.    The injuries and damages sustained by Ralph Lauren have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Ralph Lauren Products.

32.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using any of the Ralph Lauren Trademarks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorney's fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117 (b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions - 15 U.S.C. § 1125(a))

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

33.     Ralph Lauren hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

34.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Ralph Lauren Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Ralph Lauren or the origin, sponsorship, or approval of Defendants' Counterfeit Ralph Lauren Products by Ralph Lauren.

35.     By using the Ralph Lauren Trademarks on the Counterfeit Ralph Lauren Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Ralph Lauren Products.

36.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Ralph Lauren Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

37.     Ralph Lauren has no adequate remedy at law and, if Defendants' actions are not enjoined, Ralph Lauren will continue to suffer irreparable harm to its reputation and the goodwill of the Ralph Lauren brand.

38.     In light of the foregoing, Ralph Lauren is entitled to injunctive relief prohibiting Defendant from using any of the Ralph Lauren Trademarks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorney's fees, that Ralph Lauren has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement and Unfair Competition)**

39.    Ralph Lauren incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40.    Ralph Lauren owns and enjoys common law trademark rights to the Ralph Lauren Trademarks in New York and throughout the United States.

41.    Defendants' unlawful acts in appropriating rights in Ralph Lauren Trademarks were intended to capitalize on Ralph Lauren's goodwill for Defendants' own pecuniary gain.  Ralph Lauren has expended substantial time, resources and effort to obtain an excellent reputation for itself and the Ralph Lauren Trademarks.  As a result of Ralph Lauren's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Ralph Lauren.

42.    Defendant's unauthorized use of the Ralph Lauren Trademarks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Ralph Lauren.

43.    Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Ralph Lauren.

44.    Defendants' acts constitute trademark infringement and unfair competition under New York common law.

45.    Ralph Lauren has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from its unlawful conduct.

46.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Ralph Lauren in reckless disregard of Ralph Lauren's rights.  Said conduct was harmful to Ralph Lauren and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

47.    Ralph Lauren has no adequate remedy at law.

48.    In light of the foregoing, Ralph Lauren is entitled to injunctive relief prohibiting Defendant from using the Ralph Lauren Trademarks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Ralph Lauren has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

49.    Ralph Lauren incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

50.    Upon information and belief, Defendant Prestige America LLC ("Prestige") designed, manufactured, advertised, marketed, distributed, offered for sale, and/or sold Ralph Lauren and/or counterfeit Ralph Lauren Products.

51.    In or around March 2017 and March 2018, Prestige purchased over 110,070 counterfeit Ralph Lauren Products (the "Counterfeit Products") for a total of over $353,001.96.

52.    In or around June 2017 and April 2018, Prestige sold 101,790 Counterfeit Products to a third-party retailer for a total of $418,854.

53.    On June 29, 2018, Ralph Lauren notified Prestige of its claims regarding Prestige's sale of Counterfeit Products.

54.    In or around September 20, 2018 Ralph Lauren and Prestige entered into a written settlement agreement, a copy of which is attached hereto and incorporated herein as **Exhibit 1** (the "Agreement"). By the terms of said written agreement, Prestige was not to purchase, sell, store, manufacture, or offer for sale any merchandise bearing the Ralph Lauren Trademarks ( the "Ralph Lauren Products").

55.     Pursuant to Paragraph 2 of the Agreement, Defendant agreed to refrain from manufacturing, importing, advertising, marketing, promoting, distributing, offering for sale, and/or selling any products bearing the Ralph Lauren Trademarks.

56.     Pursuant to Section 3 of the Agreement, Prestige shall be in breach of the Agreement if Prestige fails to comply with the obligations set forth in Section 2 of the Agreement. In such even, Ralph Lauren shall be entitled to Prestige's profits from the sale of any Ralph Lauren Products and the reasonable legal fees and costs incurred by Ralph Lauren as a result of the breach in connection with Prestige's unauthorized purchase, sale, storage, manufacture, or offer to sell Ralph Lauren Products.

57.     The consideration set forth in the agreement was fair and reasonable.

58.     Upon information and belief Prestige has failed to comply with aforementioned obligations, and is thereby in breach of the terms of the Agreement.

59.     Prestige has breached the Agreement by continuing to advertise, offer for sale, and/or sell Ralph Lauren products, including, but not limited to products bearing counterfeit reproductions of the Ralph Lauren Trademarks.

60.     In or around June 2020, Ralph Lauren discovered that Ralph Lauren Products and products bearing counterfeit reproductions of the Ralph Lauren Trademarks (hereinafter "Counterfeit Products") were again and/or continued to be advertised, offered for sale, and/or sold by Prestige.

61.     Ralph Lauren has provided actual notice to Prestige of its rights to the Ralph Lauren Trademarks and requested that Prestige cease and desist from the further sale of Ralph Lauren Products and Counterfeit Products.

62.     The Counterfeit Products purchased from Prestige have been delivered to and examined by Ralph Lauren and have been confirmed to be

counterfeit.

63.     Despite being put on actual notice of the sale of Counterfeit Products, Prestige continued to advertise, offer for sale, and sell Counterfeit Products and/or allow third-parties to freely perform such activities.

64.     Prestige has never been authorized by Ralph Lauren to manufacture, sell or offer for sale products bearing any of the Ralph Lauren Trademarks. Moreover, Prestige has never been a licensee of Ralph Lauren and has never been licensed and/or authorized in any manner to import, sell, distribute, or manufacture any merchandise bearing the Ralph Lauren Trademarks.

65.     Upon information and belief, at all times relevant hereto, Prestige has had full knowledge of Ralph Lauren's respective ownership of the trademarks at issue, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

66.     Ralph Lauren has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contract.

67.     By reason of Prestige's breach of the said contract as herein alleged, Ralph Lauren has suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Ralph Lauren respectfully prays that this Court enter judgment in their favor and against Defendants as follows:

A.     Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from using Ralph Lauren's trademarks or any marks, designs, works, confusingly similar/substantially similar thereto, including, but not limited to:

(1) manufacturing, designing, importing, advertising, marketing,

promoting, supplying, distributing, offering for sale, or selling the Infringing Products, and/or any products which bear any of the Ralph Lauren Trademarks or any marks/designs identical, substantially similar, and/or confusingly similar thereto;

(2) engaging in any other activity constituting unfair competition with Ralph Lauren, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Ralph Lauren;

(3) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Ralph Lauren;

B.    Ordering Defendants to recall from any distributors and retailers and to deliver to Ralph Lauren for destruction or other disposition all remaining inventory of Accused Products, or other merchandise bearing the Ralph Lauren Trademarks or any marks/works confusingly similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

C.    Ordering Defendants to file with this Court and serve on Ralph Lauren within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.    Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

E.    Awarding Ralph Lauren all of Defendants' profits and all damages sustained by Ralph Lauren as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant

to 15 U.S.C. § 1117(a);

      F.     Awarding treble damages in the amount of Defendants' profits or Ralph Lauren's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

      G.     Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

      H.     Awarding Ralph Lauren statutory damages pursuant to 15 U.S.C. §1117(c).

      I.     Awarding Ralph Lauren punitive damages in connection with its claims under New York law;

      J.     Ordering Prestige to immediately and fully comply with the Agreement;

      K.     For entry of an ORDER for an accounting by Prestige of all gains profits, and/or advantages derived from its breach of the Agreement;

      L.     For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees; and

      M.     Such other relief as the Court deems just and proper.

Dated:     December 3, 2020         Respectfully Submitted,
           Manhattan Beach, CA

                               By:

                               Brent H. Blakely (BB1966)
                               Blakely Law Group
                               1334 Parkview Avenue, Suite 280
                               Manhattan Beach, CA 90266
                               Telephone: (310) 546-7400
                               ***Attorney for Plaintiff***
                               ***PRL USA Holdings, Inc.***

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff PRL USA Holdings, Inc. hereby demands a trial by jury of all claims in this litigation.

Dated:    December 3, 2020                      Respectfully Submitted,
          Manhattan Beach, CA

By:

Brent H. Blakely (BB1966)
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
*Attorney for Plaintiff*
*PRL USA Holdings, Inc.*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF