**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRL USA HOLDINGS, INC., a Delaware Corporation,<br><br><br>                        Plaintiff,<br><br>   -vs-<br><br>PRESTIGE AMERICA LLC, a New Jersey Limited Liability Company; NIGHAT A. SYED, an individual; HASHIM R. SYED, an individual; ZESHAN SYED, an individual; ZARA LINEN, LLC, a New Jersey Limited Liability Company; and DOES 1-10, inclusive,<br><br>                     Defendants. | Civil Action No. 1:20-cv-10201<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR RECONSIDERATION RE ORDER DISMISSING CLAIMS AGAINST NON-BANKRUPT DEFENDANTS [ECF 65]** |

## I.    <u>INTRODUCTION</u>

Plaintiff PRL USA Holdings ("Plaintiff") respectfully requests that this Court reconsider this Court's July 8, 2024, Order dismissing its claims against defendants Zeshan Syed and Zara Linen, LLC ("Non-Bankrupt Defendants") with prejudice (ECF No. 65) to correct clear error and prevent manifest injustice.[1] Because such dismissals are "the harshest of sanctions" and "should be used only in extreme situations," the Second Circuit Court of Appeals insists that dismissal "be proceeded by particular procedural prerequisites;" none of which were followed by this Court. *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (collecting cases).

On March 28, 2024, this Court Ordered Plaintiff to Show Cause in writing by April 12, 2024 as to why this case should not be dismissed.   (ECF No. 63). Plaintiff complied with this Court's Order, filing a response which included a request that this Court give Plaintiff permission to file a motion for default judgment.  (ECF No. 64).  Without warning or otherwise ordering Plaintiff to file a motion for default judgment, this Court dismissed Zeshan Syed and Zara Linen, LLC with prejudice.  (ECF No. 65) As will be discussed below, the Second Circuit has made it clear that such failure to give clear warning that the Court would dismiss the case if Plaintiff did not file a motion for default judgment is erroneous as a matter of law and reversible error. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

---

[1] Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." Reconsideration is warranted where there is an "intervening change of controlling law, the availability of new evidence, **or the need to correct a clear error or prevent manifest injustice**." *DiLaura v. Power Auth. of New York*, 982 F.2d 73, 76 (2d Cir. 1992).

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR RECONSIDERATION RE ORDER DISMISSING CLAIMS AGAINST NON-BANKRUPT DEFENDANTS [ECF 65]**

Additionally, the Second Circuit has also made it clear that an order dismissing a case for failure to prosecute pursuant to FRCP 41(b) must address the prescribed factors district courts are required to consider. *Baptiste v. Sommers*, 768 F.3d at 216. Failure to do so is reversible error. *Id*. As will be discussed below, because this Court's Order is silent as to these factors, it is erroneous as a matter of law. *Id.* at 217 ("Given the court's silence, we can only assume that the district court overlooked that requirement, and we therefore cannot say that its decision to dismiss was a reasonable one."); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Finally, Plaintiff respectfully submits that dismissal with prejudice is inappropriate under the factors mandated by Second Circuit. *Baptiste v. Sommers*, 768 F.3d at 219 ("Thus, we conclude not only that the district court's failure to address the prescribed factors was error, but also that, had the district court performed the required analysis, it would not have dismissed the case.") Due to various bankruptcy filings, this case has been automatically stayed against several of the defendants since September 16, 2022. ECF No. 41. While Defaults have been entered against defendants Zeshan Zyad and Zara Linen (ECF Nos. 36 & 38), Plaintiff had been waiting for a resolution of the bankruptcy issues before initiating further proceedings with this Court. Again, this Court's Order to Show Cause is silent about any requirement to file a motion for default judgment. ECF No. 60.[2] In Plaintiff's response to the OSC, Plaintiff specifically requested that this Court

---

[2] The Order states in full: "Let the Plaintiff PRL Holding Inc. show cause in writing by April 12, 2024 why the action ought not be dismissed as to all remaining defendants for failure to prosecute as to the non-bankrupt defendants and administratively closed as to the bankrupt defendants." ECF NO. 60.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR RECONSIDERATION RE ORDER DISMISSING CLAIMS AGAINST NON-BANKRUPT DEFENDANTS [ECF 65]**

give it permission to file an application for default judgment.[3]  Rather than granting Plaintiff's request or otherwise ordering Plaintiff to file such an application, this Court dismissed the case. Had this Court allowed or otherwise ordered Plaintiff to seek default judgment, Plaintiff would have promptly filed such an application, which is attached hereto.

## II.    THE COURT'S ORDER DISMISSING THE NON-BANKRUPT DEFENDANTS IS ERRONEOUS AS A MATTER OF LAW

A Rule 41(b) dismissal remains "a harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972). The Second Circuit has repeatedly detailed factors to be considered before a case can be dismissed pursuant to FRCP 41(b): "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d at 216; *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988). Any order dismissing a case for failure to prosecute must contain an analysis of these factors, and failure to do so is reversable error. *Baptiste v. Sommers*, 768 F. 3d at 217.  Here, this Court failed to follow controlling Second Circuit authority by dismissing the Action without considering these factors in its July 8th Order. *See*

---

[3] "With the Court's permission, Plaintiff intends to file motions for default judgment against each of the Non-Bankrupt Defendants for damages, including statutory damages and a permanent injunction enjoining their unlawful acts." ECF No. 64.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR RECONSIDERATION RE ORDER DISMISSING CLAIMS AGAINST NON-BANKRUPT DEFENDANTS [ECF 65]

*Baptiste v. Sommers,* 768 F.3d at 217 (a district court must disclose its deliberative path for dismissal under Fed.R.Civ.P. 41(b)).

In its Order dismissing the Non-Bankrupt Defendants, the only reasoning provided was delay, i.e., that plaintiff failed to explain why it had not moved for default judgment against these defendants. Again, as the Second Circuit discussed in *Baptiste*, not only is delay alone not enough to warrant the extreme sanction dismissal, but the failure also to consider the other factors is reversible error. *Baptiste v. Sommers*, 768 F. 3d at 217.

If the Court had weighed each of the five factors, its conclusion that dismissal of the Non-Bankrupt Defendants was appropriate would have been reasonably altered because none of the factors strongly favor dismissal. *See LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 210 (2d Cir. 2001) (holding that district court did not adequately weigh Rule 41(b) factors and then "perform[ing] the analysis the district court did not expressly make"). Notably, no single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

First, Plaintiff did not fail to comply with a court order to file a default judgment motion. Instead, pursuant to this Court's March 28, 2024, Order to Show Cause, Plaintiff was directed to respond as to why the Non-Bankrupt Defendants should not be dismissed. *See* ECF No. 63. As directed, Plaintiff submitted a response identifying the reasons why the Non-Bankrupt Defendants should not be dismissed. *See* ECF No. 64. Additionally, Plaintiff indicated that it would file a motion for default judgment against the Non-Bankrupt Defendants with the Court's permission. *See* ECF No. 64. Upon complying with the Court's Order to Show Cause, Plaintiff was of the understanding that the case was stayed due to the bankruptcy filed by the Bankrupt Defendants and that the Court would issue a

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR RECONSIDERATION RE ORDER DISMISSING CLAIMS AGAINST NON-BANKRUPT DEFENDANTS [ECF 65]**

further order directing any further action required by Plaintiff. (Including but not limited to an order allowing Plaintiff to file an application for default judgment.)

Second, Plaintiff was never given notice that failure to file a default judgment as to the Non-Bankrupt Defendants would result in a dismissal pursuant to Fed.R.Civ.P. 41(b). Nor was Plaintiff provided clear guidance on how it could avoid dismissal other than by responding to the March 28th Order to Show Cause. Once Plaintiff received the Order to Show Cause it promptly and timely responded with a showing as to why the Non-Bankrupt Defendants should not be dismissed. ECF No. 64. Like the order in *LeSane,* this Court's March 28th Order to Show Cause was "brief and technical" ordering only that Plaintiff shall show cause why the Non-Bankrupt Defendants should not be dismissed. *See* ECF 64; *LeSane* 239 F.3d 210. Plaintiff received no additional order. *See also Baptiste v. Sommers,* 768 F. 3d at 218.[4]

Significantly, this Court's Order (ECF No. 63) never mentioned a requirement for Plaintiff to file a motion for default judgment, or that the Non-Bankrupt Defendants would be dismissed if Plaintiff did not file an application for default judgment within in a certain amount of time. See *Baptiste v. Sommers*, 768 F. 3d at 218 ("Counsel complied with the letter of the court's December 2012 order, and cannot be faulted for failing to divine that the court also required information it did not request.")

Third, as the Court noted in its July 8th Order, there is no demonstratable prejudice to Non-Bankrupt Defendants. To be sure, Plaintiff submits its Motion for

---

[4] "The district court's orders did not provide clear guidance on how Baptiste could avoid dismissal. We note at the outset that the plaintiff's long period of inaction preceded any warning about the consequences of delay. Once the court issued a warning of potential dismissal, Baptiste and his counsel responded in a timely fashion to all court orders."

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR RECONSIDERATION RE ORDER DISMISSING CLAIMS AGAINST NON-BANKRUPT DEFENDANTS [ECF 65]**

Default Judgment as to the Non-Bankrupt Defendants as an attachment to this Motion.

Fourth, while Plaintiff respects the Court's interest in managing its docket, a dismissal of the Non-Bankrupt Defendants would undermine Plaintiff's interest in receiving a fair chance to be heard. In this matter, Plaintiff understood that because of the bankruptcy proceedings, this entire action was stayed. If the Non-Bankrupt Defendants are dismissed, then Plaintiff will suffer irreparable harm to its brand and reputation as Defendants' infringing conduct will continue.  Importantly, as the Second Circuit instructed in *Baptiste*:

> "[T]he court did not indicate, nor do we have to reason to believe, that Baptiste's case strained its docket in any unusual way. Although the case stalled for two years, 'plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings.' LeSane, 239 F.3d at 210. As we have explained, '[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court.' Lucas, 84 F.3d at 535-36."

*Baptiste v. Sommers*, 768 F. 3d at 218.

Fifth, dismissal is an extreme sanction. *See Baptiste* 768 F.3d at 219; *Mitchell v. Lyons Prof'l Servs.*, 708 F.3d 463, 467 (2d Cir. 2013) (Dismissing an action is the harshest of sanctions and must be proceeded by particular procedural prerequisites); *Mickle v. Morin*, 297 F.3d 114, 125-26 (2d Cir. 2002) (the sanction of dismissal must be supported by "clear evidence" of misconduct and "a high degree of specificity in the factual findings). Here, as noted above, Plaintiff has complied with each of the Court's orders, and was not given notice that failure to

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION FOR RECONSIDERATION RE ORDER DISMISSING CLAIMS AGAINST NON-BANKRUPT DEFENDANTS [ECF 65]**

file a default judgment would result in a dismissal of the Non-Bankrupt Defendants. A failure to file a default judgment is not an extreme situation that can only be remedied with the harshest of sanction – dismissal. Thus, the Court failed to consider sanctions less drastic than a dismissal.

Finally, reconsideration may also be granted to prevent manifest injustice to the Plaintiff. As discussed above, Plaintiff promptly filed responses to the Court orders it received, Plaintiff understood the case to be stayed as to all parties, and if the Non-Bankrupt Defendants are dismissed, Plaintiff will suffer irreparable harm to its brand and reputation as Defendants' infringing conduct will continue.

Thus, because a weighing of the five factors required by the Second Circuit does not support a decision to dismiss the Non-Bankrupt Defendants, the Court should reconsider its Order dismissing the Non-Bankrupt Defendants. *See Peoples v. Fisher*, 898 F.Supp.2d 618, 623 (S.D. N.Y. 2012) (Motions for Reconsideration are appropriate where "the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

## V.    <u>CONCLUSION</u>

Because the Court errored in failing to address the required factors for dismissal under Rule 41(b), and if the Court had performed the required analysis, the factors would not support a dismissal, Plaintiff respectfully requests that this Court enter an order granting reconsideration of its Dismissal of the Non-Bankrupt Defendants and grant Plaintiff permission to file Plaintiff's Motion for Default Judgment submitted with this Motion.

Dated:      July 10, 2024          BLAKELY LAW GROUP

By:    */s/* /s/ Jamie Fountain
       Brent H. Blakely (BB1966)
       bblakely@blakelylawgroup.com
       Jamie Fountain (*pro hac vice*)
       jfountain@blakelylawgroup.com
       1334 Parkview Avenue, Suite 280
       Manhattan Beach, CA 90266
       Telephone: 310-546-7400
       **Attorneys for Plaintiff**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION AND MOTION
FOR RECONSIDERATION RE ORDER DISMISSING CLAIMS AGAINST NON-
BANKRUPT DEFENDANTS [ECF 65]**