UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PRL USA HOLDINGS, INC. a Delaware
Corporation,

                               Plaintiff,

                                                                         20-cv-10201 (PKC)

              -against-                                                 ORDER

PRESTIGE AMERICA LLC, a New Jersey
Limited Liability Company, NIGHAT A. SYED,
an individual, HASHIM R. SYED, an individual,
ZESHAN SYED, an individual, ZARA LINEN,
LLC, a New Jersey Limited Liability Company,
and DOES 1-10, inclusive,

                              Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff PRL USA Holdings, Inc. ("PRL") moves pursuant to Rule 59(e), Fed. R. Civ. P., for reconsideration of the Court's Order of July 10, 2024 that dismissed PRL's claims against Zeshan Syed and Zara Linen LLC ("Zara') for failure to prosecute (the "Dismissal Order").

        The Dismissal Order was issued more than two years after PRL obtained certificates of default against Zeshan Syed and Zara, during which time PRL did not move for entry of default judgment. It was also issued three-and-a-half months after the Court directed PRL to show cause why the claims ought not be dismissed for failure to prosecute.

        PRL's motion for reconsideration asserts, in essence, that it did not move for default judgment because it misunderstood the scope of the automatic bankruptcy stay in effect

against defendants Nighat A. Syed and Hashim R. Syed, and because it incorrectly believed that leave of Court was required in order to move for the entry of default judgment. In addition to reconsideration of the Dismissal Order, PRL now moves for entry of default judgment against Zeshan Syed and Zara.

The motion for reconsideration will be granted despite PRL's lengthy delay and its misapprehensions about the obstacles to moving for default judgment. Its delay did not prejudice the defaulting parties. Any congestion to the Court's calendar is minimized by the bankruptcy stay in place against Nighat A. Syed and Hashim R. Syed. The motion for default judgment will be denied as to Zara because the Complaint does not allege facts that plausibly state a claim against it. Default judgment will be entered against Zeshan Syed, and the Court will award injunctive relief and $800,000 in statutory damages as to Zeshan Syed, to be set forth in a separate Judgment.

THE MOTION FOR RECONSIDERATION WILL BE GRANTED.

This action was filed on December 3, 2020. (ECF 1.) Notices of appearance were entered on behalf of defendants Prestige America, LLC, Nighat A. Syed and Hashim R. Syed, all of whom timely answered. (ECF 10.)

A First Amended Complaint (the "Complaint") was filed on April 20, 2022, adding Zeshan Syed and Zara as defendants. (ECF 18.) Zeshan Syed and Zara have not answered or appeared.

On September 16, 2022, plaintiff filed a Notice of Bankruptcy as to defendants Hashim and Nighat Syed. (ECF 41.) This triggered the automatic bankruptcy stay as to those two defendants, and the bankruptcy stay remains in effect.

On April 6, 2023, the Court granted PRL's unopposed motion for summary against defendant Prestige America LLC. (ECF 55.)

On June 27, 2022, the Clerk of Court issued certificates of default as to defendants Zeshan Syed and Zara. (ECF 36, 38.) PRL did not thereafter move for the entry of default judgment against them. On March 28, 2024, approximately 21 months after the certificates of default issued, the Court issued the following Order: "Let the plaintiff PRL USA Holdings, Inc. show cause in writing by April 12, 2024 why the action ought not be dismissed as to all remaining defendants for failure to prosecute as to the non-bankrupt defendants and administratively closed as to the bankrupt defendants." (ECF 63.)

PRL timely filed a response. (ECF 64.) It advised the Court on the status of ongoing Chapter 7 bankruptcy proceedings of Nighat A. Syed and Hashim R. Syed and urged that the case should not be dismissed as to Zeshan Syed and Zara. It noted that it had obtained certificates of default against them and stated: "With the Court's permission, Plaintiff intends to file motions for default judgment against each of the Non-Bankrupt Defendants for damages, including statutory damages and a permanent injunction enjoining their unlawful acts." (Id. at 3.)

The Dismissal Order of July 8, 2024 dismissed PRL's claims against Zeshan Syed and Zara for failure to prosecute, explaining:

> Plaintiff was warned in the Court's March 28, 2024 Order that the consequences of a failure to show cause why the action against the Non-Bankrupt Defendants ought not be dismissed would be dismissal. Plaintiff received Clerk's Certificates of Default against these defendants on June 27, 2022, now over two years ago. On April 12, 2024, in plaintiff's response to the Order to show cause, plaintiff failed to explain why it had not moved for a default judgment against these defendants or taken any other action to proceed with the action against them. No pre-motion letter was required for a motion for a default. (Individual Practices at para. 3(A)(i)(d).) The length of delay is significant even though there is no demonstrable prejudice to the Non-Bankrupt Defendants.

> While plaintiff's April 12, 2024 response expressed an intent to move for a default judgment against the Non-Bankrupt Defendants, plaintiff has made no submission to the Court in the ensuing two-and-a-half months.

(ECF 65.)

A court should consider the following factors in deciding whether dismissal for failure to prosecute is warranted: "whether[ ] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Headley v. Fisher, 559 Fed. App'x 83, 84 (2d Cir. 2014) (summary order) (quoting United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). "A district court is not required to discuss each factor on the record." Id.

The first two factors favor dismissal. As the Dismissal Order noted, more than two years had elapsed since the Clerk issued certificates of default against Zeshan Syed and Zara, with no action from PRL. On the second factor, the Order of March 28, 2024 gave notice to PRL that further delay would result in dismissal for failure to prosecute. The third factor weighs against dismissal because, as the Court noted in the Dismissal Order, there has been no demonstrable prejudice against defendants. The fourth factor weighs against dismissal, as the automatic bankruptcy stay remains in effect against two defendants. The fifth factor weighs in favor of dismissal, as PRL took no action after being warned of the severe sanction of dismissal.

PRL's motion for reconsideration suggests that PRL believed that it was required to obtain court permission before moving for the entry of default judgment. (ECF 66 at 1-3.)

Section 3(A)(i)(d) of the undersigned's Individual Practices exempts motions for default judgment from the pre-motion letter requirement and section 3(H) offers guidance on the filing of a motion for default judgment.

PRL also states that it "had been waiting for a resolution of the bankruptcy issues before initiating further proceedings with this Court."  (ECF 66 at 2, 6-7.)  But with certain exceptions, none of which are invoked by PRL, "[i]t is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."  <u>Teachers Insurance & Annuity Ass'n of Am. v. Butler</u>, 803 F.2d 61, 65 (2d Cir. 1986).

The Court will nevertheless grant the motion for reconsideration.  Though PRL's wording implied that it would bring a future application, the final sentence of its April 12, 2024 response to the Order to Show Cause was ambiguous as to whether it was seeking the Court's permission to file a default motion or would be seeking the Court's permission. (ECF 64 at 3 ("<u>With the Court's permission</u>, Plaintiff intends to file motions for default judgment against each of the Non-Bankrupt Defendants for damages, including statutory damages and a permanent injunction enjoining their unlawful acts.") (emphasis added).)  In any event, the Individual Practices make plain that no permission was required.  The Court accepts at face value PRL's explanation of its erroneous belief that permission was required and was, in fact, requested. (<u>See</u> ECF 66 at 1.)  No apparent prejudice will arise if the Court grants PRL's motion.

PRL's motion for reconsideration of the Dismissal Order will be granted.  DEFAULT JUDGMENT WILL BE ENTERED AGAINST ZESHAN SYED ONLY.

The Complaint brings claims of counterfeiting, trademark infringement and unfair competition under the Lanham Act and common law based on defendants' alleged use in commerce of PRL's Ralph Lauren and Polo trademarks.  (<u>See</u> ECF 18.)  It also brings a claim of

negligent supervision against Zara, asserting that Zara failed to secure its computer systems from unauthorized use by Zeshan Syed. (See id.) Affidavits of service reflect that service of process was effectuated on Zeshan Syed at his dwelling and on Zara through its managing agent on April 25, 2022. (ECF 22, 23.) Zeshan Syed and Zara have not answered or appeared.

The Second Circuit recently summarized a district court's obligation to determine whether a complaint's well-pleaded factual allegations are sufficient to grant a motion for default judgment:

> We have . . . recognized the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party. The axiom means that a defaulting party does not admit conclusions of law. In this respect, the standard for whether to award a default judgment resembles that applicable to a motion to dismiss. To enter a default judgment, a district court must determine whether—after taking all well-pleaded allegations as true and making reasonable inferences in the plaintiff's favor—the plaintiff's allegations establish liability as a matter of law. To that end, a district court considering whether to grant a default judgment need not agree that the alleged facts constitute a valid cause of action and it may even require proof of necessary facts to establish liability. Only after the district court is convinced that the facts meet the elements of the relevant cause of action—whether those facts are established by well-pleaded allegations or proven by admissible evidence—may the district court enter a default judgment.

Henry v. Oluwole, 108 F.4th 45, 55 (2d Cir. 2024) (internal citations, quotation marks and alterations omitted); see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 n.23 (2d Cir. 2011) ("[A] district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.").

Accepting the Complaint's factual allegations as true, it does not state a claim for relief against Zara. The Complaint identifies Zara as a limited liability company and asserts that Zeshan Syed is its "owner, officer, director, and or managing agent . . . ." (Compl't ¶¶ 9-10.) It

then alleges that Zara and all other defendants "are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment" and that they "knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior." (Compl't ¶¶ 11-12.)  The Complaint's only additional allegations specific to Zara asserts that Zeshan Syed was a Zara employee and that Zara did not adequately secure its computer systems from his unauthorized use of that system to sell counterfeit Ralph Lauren products under the Prestige brand.  (Compl't ¶¶ 74, 76-77.)

   The Complaint contains no facts that attribute acts of counterfeiting, trademark infringement or unfair competition to Zara.  The assertion that Zara was "in some manner responsible" does not describe facts that give rise to the claims against it.  The negligent supervision claim will be dismissed because the Complaint does not plausibly allege that Zeshan Syed was an employee of Zara – indeed, it describes Zeshan Syed as the "owner, officer, director, and or managing agent" of Zara.  (Compl't ¶¶ 10, 74-76.)  The Complaint does not plausibly allege that Zara failed to supervise Zeshan Syed because "the tort of negligent supervision cannot rest on [defendant's] failure to supervise himself."  Dignan v. McGee, 2009 WL 973495, at *6 (D. Conn. Apr. 9, 2009).  The motion for default judgment against Zara will be denied, and all claims against it will be dismissed.

   The factual allegations against Zeshan Syed, if accepted as true, are sufficient to plausibly allege counterfeiting, trademark infringement and unfair competition.  The Complaint states that in a deposition, Zeshan Syed testified that he sold counterfeit Ralph Lauren products that were held in a Prestige warehouse, accessed the Prestige computer system, and made those

sales through Prestige. (Compl't ¶ 29.) These allegations plausibly allege that Zeshan Syed used PRL's marks in commerce in connection with the sale of goods without PRL's consent. See, e.g., 1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400, 407 (2d Cir. 2005) (summarizing Lanham Act); Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 887 F. Supp. 2d 519, 541 (S.D.N.Y. 2012) (Engelmayer, J.) (summarizing elements of common law unfair competition).

As relief, PRL seeks $4 million in statutory damages for willful infringement, as well as permanent injunctive relief directed to Zeshan Syed's use of Ralph Lauren marks. By virtue of his default, Zeshan Syed acknowledges that his infringement was willful. See, e.g., Palace Skateboards Grp. v. Global Outlet Store, 2024 WL 4534668, at *4 (S.D.N.Y. Sept. 6, 2024) (Netburn, M.J.) (collecting cases). Under the Lanham Act, a court may award statutory damages against a willful infringer of "not more than $2,000,000 per counterfeit mark per type of goods or services sold . . . ." 17 U.S.C. § 1117(c)(2). PRL seeks the maximum permissible statutory damages for Zeshan Syed's infringement of two PRL marks. (Fountain Dec. ¶ 15 (ECF 66-3).)

The Court will award $400,000 per infringing mark, for a total damages award of $800,000 against Zeshan Syed. This award is on the high end of the broad range of statutory damages awarded against defaulting defendants in cases that involve luxury and fashion goods, and advances the compensatory, punitive and deterrent purposes of statutory damages. See, e.g., Christian Dior Couture SA v. Lin, 2024 WL 3712708, at *3 (S.D.N.Y. Aug. 8, 2024) (Hellerstein, J.) ($50,000 per mark); Golden Goose S.P.A. v. Adashoe001, 2020 WL 5569583, at *3 (S.D.N.Y. Sept. 16, 2020) ($75,000 per mark); Michael Kors, L.L.C. v. Mid Ctr. Equities Assocs., L.L.C., 2017 WL 4277191, at *3 (S.D.N.Y. Sept. 25, 2017) (Griesa, J.) ($250,000 per mark); Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc., 2016 WL 658310, at *6

(S.D.N.Y. Feb. 17, 2016) ($125,000 per mark) (Cott, M.J.), R&R Adopted, 2016 WL 1717215 (S.D.N.Y. Apr. 27, 2016) (Caproni, J.). It also equals the total statutory damages awarded against Prestige for its infringement of a single mark.

CONCLUSION.

PRL's motion for reconsideration is GRANTED and the Clerk is directed to terminate the motion. (ECF 66.) Its motion for default judgment is DENIED as to Zara Linen, LLC, and all claims against Zara are dismissed. Its motion for default judgment is GRANTED as to Zeshan Syed.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 20, 2025